**UDALL | SHUMWAY**
COUNSELORS AT LAW SINCE 1965

1138 NORTH ALMA SCHOOL ROAD, SUITE 101
MESA, ARIZONA 85201
Telephone: 480.461.5300 | Fax: 480.833.9392

Roger C. Decker (SBN: 005411)
rcd@udallshumway.com
*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maricopa Unified School District No. 20, an Arizona Public School District<br><br>Plaintiff,<br><br>v.<br><br>Flipt, LLC, a Delaware Limited Liability Company,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT** |

Plaintiff Maricopa Unified School District No. 20, an Arizona Public School District ("Plaintiff" or "MUSD"), by and through undersigned counsel, alleges the following facts and claims against Defendant Flipt, LLC, a Delaware Limited Liability Company ("Defendant" or "Flipt"), pursuant to the Federal Rules of Civil Procedure, Rules of Civil Procedure, Rules 3, 7(a)(1), and 8(a).

## **JURISDICTION AND VENUE**

1.  Plaintiff Maricopa Unified Schools District No. 20, is an Arizona Public School District citizen of the state of Arizona, located in Pinal County, Arizona.

2.      Defendant Flipt, LLC is a Delaware Limited Liability Company with its principal place of business the State of New Jersey. Defendant negotiated contracts, performed contracts and performed services for Plaintiff and Plaintiff's individual employees within this District.

3.      This Court has jurisdiction over this case under 28 U.S.C. §1332.

4.      Venue is proper in this District under 28 U.S.C. §1391 as Defendant negotiated service contracts, performed service contracts and performed services for Plaintiff and Plaintiff's individual employees within the geographic region covered by this District of Arizona.

5.      Plaintiff alleges that Defendant is legally responsible for the acts and/or omissions giving rise to this cause of action and is legally responsible for damages as alleged herein.

**GENERAL ALLEGATIONS**

6.      Plaintiff realleges the aforementioned paragraphs as if fully set forth herein.

7.      Defendant Flipt provided pharmacy benefit management services to its clients and to its client's individual employees.

8.      Defendant Flipt entered into a Master Services Agreement for Professional Services, with accompanying Addenda, dated January 19, 20211 with non-party HTA Limited Cooperative, a District of Columbia limited cooperative ("HTA"), referencing HTA Members who would become "Clients" of Defendant Flipt by executing a Client Joinder Agreement.

9. Plaintiff is a member of HTA. Plaintiff MUSD executed Defendant's "Client Joinder Agreement/Member Participation Agreement" effective July 1, 2022, and by so doing became a "Client" of Defendant Flipt, and party to Defendant Flipt's Master Services Agreement for Professional Services, its Exhibit A "Statement of Work #1 and its Appendix, "Terms and Conditions".

10. Both the Joinder Agreement and its Terms and Conditions recite that the terms of the contracts between Plaintiff MUSD and Defendant Flipt was to be one year from the effective date, i.e. July 1, 2022, through June 30, 2023. Either party could terminate the Agreements by giving a minimum of 90 days written notice.

11. On March 29, 2023, Defendant Flipt unilaterally and without prior warning, gave notice to HTA and Plaintiff MUSD that its services to MUSD would be discontinued after April 14, 2023, because Flipt was exiting the pharmacy benefit management market altogether. Defendant Flipt ceased providing contractual services for MUSD after April 14, 2023.

12. Appendix 1 to the Statement of Work #1 entitled "Terms and Conditions" defines "Rebates" as "Retrospective formulary rebates that are paid to Flipt pursuant to the terms of a formulary rebate contract with pharmaceutical manufacturer and/or rebate aggregators directly attributable to the utilization of certain covered Drugs by Members." Section 3(B) of the same Terms and Conditions document states "Within 60 days of receipt, Flipt will pay to Client 100% of the Rebates actually received by Flipt."

13. Defendant Flipt has informed Plaintiff MUSD that the following Rebates were owed by Flipt to MUSD, as of June 9, 2023:

3

        4th Quarter 2022  $29,195.64
        1st Quarter 2023  $21,723.41
        2nd Quarter 2023  $ 7,241.14
        Total                              $58,160.19.

14. Pursuant to Section 4(C) of Appendix I to Exhibit A of the Master Sales Agreement Defendant Flint is contractually bound to pay the past due Rebates, notwithstanding the termination of the contract.

15. Defendant Flipt has NOT paid Plaintiff MUSD 100% of the of the Rebates received by Flipt.

16. Pursuant to Section 5(B) of the Appendix I to Exhibit A of the Master Sales Agreement at the outset of the effective date of the Jonder Agreement and Terms and Conditions, Plaintiff MUSD deposited with Flipt an amount equal to 125% of the anticipated average Claims Reimbursement amounts due Plaintiff's employees for a one month period ("Deposit").

17. The same Section 5 (B) provides:

"(W)ithin 180 days following termination of the Joinder Agreement and cessation of all services… **Flipt will return any Deposit amounts …** that remain after the Joinder Agreement has terminated and Client has paid all outstanding invoices for Claims and Services provided up to the date of termination.

The Plaintiff MUSD's Deposit balance with Defendant Flipt is $142,106.61. Plaintiff MUSD has paid all outstanding invoices for claims and services provided by Defendant Flipt up to the date of termination. Defendant Flipt has failed to pay Plaintiff its Deposit monies.

<u>Efforts prior to filing this lawsuit</u>

4

18. Plaintiff retained undersigned counsel to send several demand letters to Defendant, the first of which was dated and mailed to the Defendant on August 8, 2023. Defendant failed to respond to any of the demand letters sent by Plaintiff's counsel to Defendant.

19. Pursuant to the Parties contracts, the Parties agreed to binding arbitration of all claims arising under the Agreements. In March 2024, Plaintiff filed its Arbitration demand with the American Health Lawyers Association, the designated arbitrator and served its demand for arbitration upon Defendant. As of the time of this filing, Defendant has not agreed to Arbitration nor accepted the arbitration demand.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

20. Plaintiff realleges the aforementioned paragraphs as if fully set forth herein.

21. Defendant breached its contracts with Plaintiff by terminating its contracts after giving only a fifteen-day notice of termination of agreement.

22. Defendant breached its contracts with Plaintiff by failing and refusing to pay the $58,160.19 in pharmaceutical manufacturer Rebates Defendant acknowledged owing Plaintiff per their agreements.

23. Defendant breached its contracts with Plaintiff by failing to return Plaintiff's Deposit of $142,106.61 pursuant to the terms of the Parties contracts.

24. As a direct and proximate result of the Defendant's breach of contract, Plaintiff has been damaged in the amount of $200, 351.80.  ($58,160.19 + $142,106.61 = $200,351.80).

5

25. Pursuant to the terms of the Parties' Agreements, and pursuant to A.R.S. §§ 12-341 and 12-341.01, Plaintiff is entitled to an award of its reasonable attorneys' fees and costs incurred and expended herein.

## SECOND CAUSE OF ACTION
### (Breach of the Covenant of Good Faith and Fair Dealing)

26. Plaintiff realleges the aforementioned paragraphs as if fully set forth herein.

27. A party to a contract has a duty to act fairly and in good faith.

28. This duty requires that neither party do anything that prevents the other party from receiving the benefits of their agreement.

29. The acts and omissions of Defendant constitute a breach of the covenant of good faith and fair dealing and Plaintiff has been damaged thereby.

30. As a direct and proximate result of the Defendant's breach of the duty of good faith and fair dealing, Plaintiff has been damaged in the amount of $200,351.80.

31. Pursuant to A.R.S. §§ 12-341 and 12-341.01, Plaintiff is entitled to an award of her reasonable attorneys' fees and costs.

## THIRD CAUSE OF ACTION
### (Unjust Enrichment)

32. Plaintiff realleges the aforementioned paragraphs as if fully set forth herein.

33. Plaintiff was impoverished by the Defendant's actions as described in the previous paragraphs set forth above, which actions were not justified, and Defendant has been unjustly enriched at the expense of Plaintiff.

34. As a result of the foregoing conduct, Plaintiff has suffered and will continue to suffer substantial harm from Defendant.

35.  It would be inequitable for Defendant's to retain the benefits gained by their wrongful conduct without repaying the sum taken from, and/or contractually owed to Plaintiff, namely, $200,351.80.

**WHEREFORE**, Plaintiff Maricopa Unified School District No. 20 prays for judgment against Defendant Flipt, LLC, as follows:

A.  For an award of monetary damages in the sum of $200,351.80.

B.  For an award of Plaintiff attorneys' fees and costs in accordance with the Parties agreements and pursuant to A.R.S. §§ 12-341 and 12-341.01; and,

C.  For all other relief the Court deems just and proper.

**DATED:** March 28th, 2024.

**UDALL SHUMWAY PLC**

By: /s/ Roger C. Decker
    Roger C. Decker, Esq.
    1138 North Alma School Road, Suite 101
    Mesa, Arizona 85201
    *Attorney for Plaintiff*

11698680.1 /12453.7

7