**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maricopa Unified School District No. 20, | No. CV-24-00695-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Flipt LLC, | |
| Defendant. | |

On March 29, 2024, Plaintiff filed its Complaint against Defendant for breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment. (Doc. 1.) The Complaint, however, fails to sufficiently allege that this Court has subject-matter jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (holding that a federal court has an independent duty to ensure subject-matter jurisdiction exists in cases before it); *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016) ("The party seeking to invoke the Court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction.") Plaintiff alleges that the Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 (the diversity jurisdiction statute). (Doc. 1 ¶ 2.)

Section 1332 provides that diversity jurisdiction in a civil action exists where (1) the citizenship of each plaintiff differs from the citizenship of each defendant, and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The Complaint here fails to adequately plead diversity of citizenship.

The Complaint identifies the following: Plaintiff Maricopa Unified School District No. 20 is an Arizona Public School District citizen of the state of Arizona (Doc. 1 ¶ 1); Defendant Flipt, LLC ("Flipt") is a Delaware limited liability company with a principal place of business in New Jersey (*Id.* ¶ 2).

For the purposes of diversity jurisdiction, a limited liability corporation ("LLC") is a "citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Plaintiff's Complaint fails to allege either who the owners/members of Flipt are or their respective citizenships. And without knowing Flipt's citizenship, the Court cannot determine whether a diversity of citizenship exists. The Complaint's assertion of diversity jurisdiction is insufficiently supported by the allegations. Accordingly,

**IT IS ORDERED** that by **April 5, 2024**, Plaintiff shall either (1) amend its Complaint to sufficiently allege subject-matter jurisdiction or (2) show cause in writing why this case should not be dismissed for lack of subject-matter jurisdiction. The Clerk of the Court is directed to dismiss this case in its entirety, without further order of the Court, if Plaintiff does not either amend its Complaint or respond to this order to show cause within the timeframe specified herein.

Dated this 29th day of March, 2024.

Douglas L. Rayes
United States District Judge